

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2006

# USA v. Hickson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2625

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hickson" (2006). *2006 Decisions.* Paper 919.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/919

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2625

———

UNITED STATES OF AMERICA

v.

ANDRE T. HICKSON,

Appellant

———

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 04-cr-00024)
District Judge: Honorable Sue L. Robinson

———

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2006

Before: AMBRO, FUENTES and GREENBERG, Circuit Judges

(Opinion filed    June 12, 2006 )

———

OPINION

———

AMBRO, Circuit Judge

Andre Hickson ("Hickson") was found guilty by a jury of possession with intent to

distribute more than 50 grams of a substance containing a detectable amount of cocaine

base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). He was sentenced to 120 months imprisonment. Hickson appeals, arguing that the Government failed to prove beyond a reasonable doubt that the "cocaine base" seized from him was "crack cocaine." For the reasons that follow, we affirm.[1]

## I.

As we write for the parties, only a brief summary of pertinent facts and procedural history is necessary. At trial, the Government put forward several witnesses who testified regarding the nature of the controlled substance that Hickson was alleged to have possessed with the intent to distribute. The Government first called Delaware State Police Detective Daniel Meadows. Detective Meadows told the jury that, during the execution of a search warrant on Hickson's car, he found several bags of a "white, chunky, rock-like substance" in the car's glove compartment and he "immediately recognized . . . from past training experience that this was crack cocaine."

Jennifer King, a Drug Enforcement Agency forensic chemist who had conducted a laboratory analysis on the controlled substance recovered from Hickson's automobile, also took the stand. King had analyzed 340 drug exhibits during her career and had testified previously in federal court as an expert in forensic chemistry. It was her expert opinion that the substance at issue was 68.7 grams of "cocaine base."

---

[1]The United States District Court for the District of Delaware had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231. Hickson filed a timely appeal and we have jurisdiction under 28 U.S.C. § 1291.

Delaware State Police Detective Donald Pope, a seventeen-year veteran police officer assigned to a drug unit, also testified. Detective Pope was admitted by the District Court as an expert regarding, *inter alia*, the distribution, use, packaging and street value of crack cocaine. At trial, he was shown the controlled substance recovered from Hickson's automobile and stated that, based on his training and experience, the substance was crack cocaine. He also explained that crack cocaine is a form of cocaine base.

As stated above, the jury found Hickson guilty of possession with intent to distribute more than 50 grams of a substance containing a detectible amount of cocaine base. By statute, the minimum term of imprisonment for that offense is 120 months while the maximum term of imprisonment is life. 21 U.S.C. § (b)(1)(A).

At sentencing, the District Court found that the facts asserted in the presentence report ("PSR") were consistent with the evidence at trial, including the fact that Hickson had possessed with intent to distribute more than 50 grams of crack cocaine. The Court nonetheless rejected the 188 to 235 Sentencing Guidelines range set out in the PSR and sentenced Hickson to the mandatory minimum sentence prescribed by statute: 120 months imprisonment. This appeal followed.

## II.

Hickson's sole contention on appeal is that he is entitled to resentencing because the Government did not establish by proof beyond a reasonable doubt that the controlled substance he possessed was "crack cocaine." The District Court's determination that a

3

controlled substance is crack cocaine is a finding of fact generally reviewed for clear error. *United States v. Roman*, 121 F.3d 136, 140 (3d Cir. 1997); *see also United States v. Brigman*, 350 F.3d 310, 313 (3d Cir. 2003) (noting that the District Court's factual findings during sentencing cannot be disturbed "unless this Court is left with a definite and firm conviction that a mistake has been made") (citations and quotation marks omitted). Because Hickson did not raise an objection in the District Court, however, we review his claim for plain error. *Johnson v. United States*, 520 U.S. 461, 465 (1997).

It is undisputed that the Government charged, and the jury found beyond a reasonable doubt, that Hickson "possessed with intent to distribute over 50 grams of a controlled substance containing a detectable amount of 'cocaine base.'" Hickson does not argue that the Government failed to put forward sufficient evidence at trial to support the jury's finding that the substance he possessed was "cocaine base." Thus, regardless whether the Government introduced sufficient proof to establish that the substance in question was crack cocaine, any resulting error had no effect on Hickson's sentence and certainly cannot amount to plain error. *See United States v. Barbosa*, 271 F.3d 438, 467 (3d Cir. 2001) (holding that, for purposes of applying the mandatory maximum and minimum sentences under 21 U.S.C. § 841(b), the jury need only find that the defendant possessed with intent to distribute more than 50 grams of a substance containing any form of "cocaine base"—not the specific "crack cocaine" form of cocaine base).

Moreover, it was not error for the District Court to find that the substance Hickson

4

possessed was crack cocaine. It is well settled that a sentencing court may determine the drug identity involved in a violation of 21 U.S.C. § 841 by using a preponderance of the evidence standard "[s]o long as the resulting, and possibly enhanced, sentence is below the statutory maximum authorized by the jury's factual findings." *Id*. at 457 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Because the statutory maximum sentence authorized by the jury's findings in this case was life imprisonment, 21 U.S.C. § 841(b)(1)(A), the District Court could have lawfully imposed a sentence within the Guidelines range so long as it found by a preponderance of the evidence—not beyond a reasonable doubt—that the controlled substance was crack cocaine.

Here the facts introduced at trial were more than sufficient to meet that evidentiary threshold. As explained above, King, a DEA chemist, testified that her expert analysis had confirmed that the substance at issue was cocaine base. Moreover, Detective Meadows, who had extensive experience in cases involving crack cocaine, testified that the "white, chunky rock-like substance" was crack. Finally, Detective Pope, a veteran of "hundreds" of investigations involving crack, testified, based on the visual appearance of the drug and his investigatory experience, that the substance was crack. This cumulative evidence supports a finding by a preponderance of the evidence that the drugs in questions were crack cocaine. *See, e.g.*, *United States v. Brigman*, 350 F.3d 310, 314 (3d Cir. 2003) (holding that District Court's conclusion that drugs were crack not erroneous where DEA chemist testified that drugs were cocaine base based on their appearance and

his investigatory experience); *United States v. Waters*, 313 F.3d 151, 156 (3d Cir. 2002) (same where experience officer testified, *inter alia*, that "rock form" of substance helped him conclude that substance was intended to be smoked and was crack); *United States v. Dent*, 149 F.3d 180, 190 (3d Cir. 1998) (same where chemist identified substance as cocaine base and veteran officer stated that crack was often packaged in the manner in which the drugs were found). Accordingly, the District Court did not err in its conclusion to that effect.

\* \* \* \* \*

For the foregoing reasons, we affirm the judgment of the District Court.